IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE ANDERSON, | ) | |
| AIS #156270, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-521-WHA |
| | ) | |
| OFFICER D. PULLOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Michael Dewayne Anderson ["Anderson"], an indigent state inmate, challenges actions taken against him at the Ventress Correctional Facility on June 17, 2012.  Specifically, Anderson alleges that during a verbal altercation with officer Pullom on June 17, 2012, Pullom used profane language in addressing him, removed him from his seat at the breakfast table by grabbing the back of his left arm, pushed him in the back upon their exit from the dining hall and issued threats of disciplinary action.  Anderson asserts this caused him to miss breakfast, one of two meals provided that day.  He also complains the defendants did not refer him to the health care unit for a body chart as required by administrative regulations.

Upon review of the complaint, the court concludes this case is due to be summarily

dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Use of Profane and Threatening Language

Anderson contends defendant Pullom used profane language when addressing him. *Complaint - Doc. No. 1* at 5-6.  Anderson also complains after he exited the dining area Pullom threatened to issue a disciplinary against him regarding the incident.  *Id*. at 6. Anderson maintains his behavior did not warrant disciplinary action.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006)

---

[1] The court granted Anderson leave to proceed *in forma pauperis*. *Doc. No.3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss any claim prior to service of process if it determines the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry....") *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere thereat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).  Thus, Anderson fails to state a

cognizable claim with respect to officer Pullom's use of profane and threatening language and this claim is therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Use of Force

Anderson maintains while seated for breakfast on June 17, 2012 defendant Pullom ordered the inmates at his table to move closer together.  Anderson questioned the necessity of this order evoking a verbal exchange with Pullom during which Pullom ordered Anderson to leave the table.  As Anderson struggled to "get up from between the other two (2) inmates that was tightly against him [officer] Pullom grabbed the back of his left arm, snatched him up from the table, and pushed him in the back toward the exit." *Complaint - Doc. No. 1* at 6.  Anderson alleges Pullom's actions caused him to suffer some pain in his arm and lower back.  *Plaintiff's Exhibit 2 - Doc. No. 9-1* at 2.  Anderson received Tylenol and Motrin from medical personnel in response to his complaints of pain. *Id*.

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v Albers*, 475 U.S. 312, 319 (1986).  "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) "The Eighth Amendment's prohibition of 'cruel an unusual' punishments necessarily

excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Id*. at 9 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The Court opined that "[n]ot every push or shove ... violates a prisoner's constitutional rights." *Id*. (quotation omitted); *Wilkins v. Gaddy*, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010) ("An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim."); *Nolin v. Woodruff*, 207 F.3d 1253, 1257-1258 (11th Cir. 2000) ("[T]he application of de minimis force, without more, will not support a claim for excessive force...."); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("The management  by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force."); *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996) (application of *de minimis* force, without more, does not present a claim cognizable under the Eighth Amendment).

Under the circumstances set forth in the complaint, the physical contact about which Anderson complains is, at best, a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments" as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *McCall v. Crosthwait*, 336 Fed. Appx. 871, 872 (11th Cir. 2009) (no constitutional violation occurred where officer pushed detainee out of jail's elevator causing inmate to

hit partially open steel door and fall against plexiglass window thereby suffering bruised shoulder and elbow); *Johnson v. Moody*, 206 Fed. Appx. 880, 885 (11th Cir. 2006) (minor nature of injury suggested that officer's pushing or kicking metal tray door on inmate's hand was *de minimis* use of force which did not constitute Eighth Amendment violation); *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (claim that officer "jerked [inmate] by the ankle while checking his leg shackles ... [did] not rise to the level of a constitutional violation."); *Anderson v. Sullivan*, 702 F.Supp. 424, 427 (S.D.N.Y. 1988) (officers who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force). In light of the foregoing, the use of force claim presented by Anderson is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as the claim does not rise to the level of a constitutional violation.

### C.  Denial of Meal

Anderson complains the altercation with Pullom resulted in his not receiving breakfast, one of two meals served on June 17, 2012.  The Eighth Amendment governs the conditions under which convicted prisoners are confined and proscribes those conditions which involve the wanton and unnecessary infliction of pain.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  Only those conditions which deny inmates "the minimal

civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Rhodes*, 452 U.S. at 347.  "'[T]he Constitution does not mandate comfortable prisons.' *Id.* at 349, 101 S.Ct. at 2400.  If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' *Id.* at 347, 101 S.Ct. at 2399." *Chandler*, 379 F.3d at 1289; *Ford v. Wainwright*, 477 U.S. 399, 405-406 (1986) (the Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency).

"Under the Eighth Amendment, a prisoner only is entitled to reasonably adequate food. *See Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.1985).  A prison does not violate the Eighth Amendment by feeding a prisoner a minimal amount of food for a limited number of days. *Novak v. Beto,* 453 F.2d 661, 665, 668 (5th Cir.1971) (no Eighth Amendment violation when prisoner in solitary confinement was fed 2 slices of bread per day, unlimited water, and a full meal every 3 days, and that restrictive diet did not extend beyond 15 days)." *Hernandez v. Florida Dept. of Corrections*, 281 Fed. Appx 862, 865 (11th Cir. 2008).  Under the circumstances set forth in the complaint, it is clear that the mere deprivation of one meal for one day did not violate the Eighth Amendment. *Hernandez*, 281 Fed. Appx. at 866 (district court correctly determined inmate's claim "regarding the routine deprivation of lunch to him five days per week for about five months" provided no basis for relief where inmate did not allege he was deprived of other

meals served or that he suffered more than *de minimis* harm from the deprivation and record contained no assertion that the deprivation posed an unreasonable risk of serious damage to inmate's health).  Thus, the lack of meal claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Denial of Body Chart

Anderson maintains the defendants denied him a body chart as required by the administrative regulation governing "when an officer has physical contact with an inmate...."  *Complaint - Doc. No. 1* at 6.  The alleged violation of departmental rules or policies does not assert a violation of an inmate's constitutional rights.  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).  Consequently, this claim is due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  It is further

ORDERED that **on or before August 27, 2012**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of August, 2012.


　　　　　/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9